IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

| | |
|---|---|
| Starbucks Corporation,<br><br>Petitioner/Cross-Respondent,<br><br>v.<br><br>National Labor Relations Board,<br><br>Respondent/Cross-Petitioner | Case No. 24-60500 |

**PARTIALLY UNOPPOSED MOTION FOR LEAVE TO INTERVENE
IN SUPPORT OF RESPONDENT/CROSS PETITIONER
NATIONAL LABOR RELATIONS BOARD
ON BEHALF OF WORKERS UNITED**

Pursuant to Federal Rule of Appellate Procedure 15(d), Workers United, affiliated with Service Employees International Union (Workers United or Union), moves for leave to intervene in support of the Respondent/Cross-Petitioner National Labor Relations Board (NLRB) in regard to Starbucks Coffee Company's (Starbucks) Petition for Review and the NLRB's Cross-Application for Enforcement of its Order issued against Starbucks Corporation on September 6, 2024, in Board Case No. 21-CA-304228, reported at 373 NLRB No. 101.

In support of this motion, Workers United states as follows:

1.	Workers United is a labor organization and the certified bargaining representative of a unit of employees employed by Petitioner Starbucks. Workers United has an interest in these proceedings and there are grounds for intervention of right.

2.	Workers United was the successful charging party in the unfair labor practice case, NLRB Case No. 21-CA-304228, that resulted in the Order issued against Starbucks Corporation on September 6, 2024, and which is the subject of these proceedings for review and cross-application for enforcement.

3.	Workers United participated in all aspects of the unfair labor practice proceedings before the NLRB in this matter. It initiated the unfair labor practice cases and assisted the NLRB in its investigation of the charges and participated fully in the unfair labor practice hearings before the administrative law judge. Workers United continues to have an active interest in protecting the rights of its members and has a further interest in ensuring that Respondent Starbucks' unlawful conduct is properly remedied, to avoid the chilling effect on other employees' support for the Union and their willingness to engage in protected concerted activities.

4.	As a successful charging party before the NLRB, Workers United is entitled to intervene as of right, pursuant to *International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO v. Scofield*,

382 U.S. 205, 208 (1965) ("We hold that . . . the successful charging party . . . [has] a right to intervene in the Court of Appeals proceeding which reviews or enforces Labor Board orders."); *Concrete Materials of Georgia, Inc. v. N.L.R.B.*, 440 F.2d 61, 67 (5th Cir. 1971) (charging party who is successful before the Board may intervene as of right in any review proceedings before the Court of Appeals).

5.  Pursuant to Local Rule 27.4, Workers United contacted all other parties as to whether an opposition will be filed.

6.  Counsel for the NLRB does not oppose this Motion to Intervene.

7.  Counsel for Starbucks stated that it takes no position on this Motion.

Accordingly, Workers United respectfully requests that this Court grant its motion for leave to intervene in support of Respondent/Cross-Petitioner NLRB.

Respectfully submitted this 17th day of October, 2024.

*s/ Elizabeth Grdina*
Elizabeth Grdina
Michael P. Ellement
Charlotte H. Schwartz
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
bgrdina@jamhoff.com
mpellement@jamhoff.com
chschwartz@jamhoff.com

Attorneys for Workers United

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in Local Rule 28.2.1 have an interest in the outcome of this case.

1. Intervenor Workers United, affiliated with Service Employees International Union, is a labor organization that does not have a parent corporation, and no publicly-held corporation owns ten percent or more stock in Workers United.

2. James & Hoffman, P.C., is counsel for Intervenors.

3. Petitioner/Cross Respondent is Starbucks Corporation.

4. Counsel for Petitioner is Williams & Connolly, L.L.P.

5. Respondent/Cross-Petitioner is the National Labor Relations Board, a federal agency.

*s/ Elizabeth Grdina*
Elizabeth Grdina
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
bgrdina@jamhoff.com

Dated: October 17, 2024                Attorney for Workers United

## CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 481 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 in 14 point, Times New Roman.

*s/ Elizabeth Grdina*
Elizabeth Grdina
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
bgrdina@jamhoff.com

Dated: October 17, 2024        Attorney for Workers United

## CERTIFICATE OF SERVICE

I certify that on October 17, 2024, I caused the foregoing to be electronically filed with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I also hereby certify that the parties or their counsel in the case are registered CM/ECF users and will be served via the CM/ECF system.

*s/ Elizabeth Grdina*
Elizabeth Grdina
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
bgrdina@jamhoff.com

Dated: October 17, 2024    Attorney for Workers United